IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK GRAHL,

                Plaintiff,                  ORDER

v.

                                      14-cv-295-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                Defendant.

---

Plaintiff Mark Grahl seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. For reasons stated more fully at the June 5, 2015, hearing, the court will grant plaintiff's motion and remand the case to the Commissioner.

On remand, the ALJ must reevaluate plaintiff's credibility. The ALJ found plaintiff "generally not very credible" because of what the ALJ found to be inconsistencies between plaintiff's statements about his limitations and the rest of the record. R. 53-54. But these inconsistencies do not withstand scrutiny. Although a district court will reverse the ALJ's credibility determination only when it is patently wrong, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), the ALJ must nevertheless build "an accurate and logical bridge from the evidence to [his] conclusion," *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ did not do so here and his credibility determination is patently wrong.

The primary basis for the ALJ's decision appears to be the opinions of the state agency medical consultants. The two reviewing consultants, Dr. Chan and Dr. Khorshidi, opined that plaintiff could do light work. R. 54, 236-47. The ALJ assigned these opinions "great weight." But these consultants relied more or less exclusively on the report of Dr. Tan, the consultative

examining physician. Although the ALJ did not expressly indicate what weight he accorded to Dr. Tan's observations, it is apparent that the ALJ and the reviewing consultants relied very heavily on Dr. Tan. The critical part of Dr. Tan's report is that, based on his single examination, Dr. Tan noted that plaintiff "had good strength in both of his legs" and "seem[ed] to be moving fairly well today." R. 54, 235. But Dr. Tan's observations of plaintiff's leg strength does not contradict plaintiff's consistent reports of back pain. And the fact that plaintiff was able to move fairly well in the examining room does not contradict plaintiff's statements that he could not walk very far. Also, the record reflects that plaintiff's back pain varied from day to day. Dr. Tan's limited observations, on which the other consultants relied, do not provide a good reason to discount plaintiff's account of his limitations. On remand, the ALJ must reconsider and carefully explain the extent to which the state agency consultants truly and fairly contradict plaintiff's reports of his limitations.

     A second problem is that the ALJ discounted plaintiff's report of his limitations because it was contradicted by plaintiff's "wide and varied daily activities." R. 53. This is a gross overstatement. Plaintiff's daily activities were not wide and varied; he spends most of the day sitting in a chair reading or watching television. The ALJ interpreted plaintiff's function report as showing that plaintiff was independent in his personal care. R. 53, 182-203. But that report itself and other record evidence show that plaintiff struggled with personal hygiene. R. 182 (alleging difficulty wiping after defecation); R. 252 (care provider reporting that plaintiff "has obvious signs of very poor hygiene"). The ALJ also interpreted the function report to indicate that plaintiff could walk without assistance. True, in response to one question on the function report plaintiff did not indicate that he requires an assistive device to walk. R. 188. But elsewhere in the report it indicates that he can shop only if he uses a shopping cart to support

himself. R. 185; *see* R. 189. On remand, the ALJ must carefully articulate how any reported daily activities are inconsistent with plaintiff's reports of his limitations.

A third problem is that the ALJ did not adequately articulate his basis for concluding that plaintiff's "allegations of disabling pain are inconsistent with his reports that he used over-the-counter aspirin to manage it." R. 54. On remand, the ALJ must consider the extent to which plaintiff undertook other treatments and any reason that plaintiff might have declined treatments. The record contains information indicating that plaintiff had tried prescription medications but that they were not effective. *E.g.*, R. 294. The record also contains information that plaintiff may have not had insurance coverage at times. *E.g.*, R. 269.

Plaintiff also contends that the ALJ erred by failing to properly consider the effects of his obesity. This issue would not be an independent ground for remand because plaintiff has not pointed to any particular effect of his obesity that was not already reflected in the materials that the ALJ considered. However, on remand, the court suggests that the ALJ consider whether plaintiff's obesity has any additional impact on the evaluation of plaintiff's limitations. For example, plaintiff's obesity may militate against surgery as a treatment option. If the ALJ considers it significant that plaintiff has not had back surgery, he should consider whether plaintiff's obesity is one of the reasons that he has not.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Mark Grahl's application for disability benefits is REVERSED AND REMANDED. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered June 10, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge